J. Paul Gignac, SBN 125676
**RIMON PC**
200 E. Carrillo Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 695-4080
jpaul.gignac@rimonlaw.com

Edward O. Lear, SBN 132699
**CENTURY LAW GROUP LLP**
5200 W. Century Boulevard, Suite 345
Los Angeles, California 90045
Telephone: (310) 642-6900
lear@centurylawgroup.com

*Attorneys for Plaintiffs*
*and Proposed Class Counsel*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY FISHELL and JUSTIN FISHELL, on behalf of themselves and on behalf of all other similarly situated residents of the State of California,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**(1)** Unfair Competition (Violation of Cal. Bus. & Prof. Code § 17200);<br><br>**(2)** Breach of Contract;<br><br>**(3)** Breach of Special Duty to Insured;<br><br>**(4)** Breach of Covenant of Good Faith and Fair Dealing; and<br><br>**(5)** Declaratory Relief<br><br>**DEMAND FOR JURY TRIAL** |

1
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Amy Fishell and Justin Fishell ("Plaintiffs"), individually and on behalf of all other similarly situated residents of the State of California, bring this action based upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation of Plaintiffs and their attorneys.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the state law claims asserted in this Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since all of the Class Members are citizens of a state (California) that is different from the state of citizenship of NATIONWIDE MUTUAL INSURANCE COMPANY (NATIONWIDE), an Ohio corporation, and because, at the time of the filing of this Complaint, there are more than 100 putative members of the Class as defined herein and the amount in controversy exceeds $5 million.

2. This Court has personal jurisdiction over NATIONWIDE because NATIONWIDE engages in regular and continuous business activity in the State of California.

3. Venue is appropriate in this District court pursuant to 28 U.S.C. § 1391(b) because, among other things: (a) NATIONWIDE conducts a significant amount of its business in this District; (b) NATIONWIDE directed its business activities at residents of this District; and (c) a substantial part of the acts and omissions by NATIONWIDE that give rise to Plaintiffs' claims took place in this District.

**NATURE OF THE ACTION**

4. Defendant NATIONWIDE is the sixth leading writer of home insurance in the United States.

5. NATIONWIDE's homeowner's insurance policies provide coverage for direct physical loss to the insured's "residence premises" on an "all-risk" basis.

6. NATIONWIDE also provides coverage for Loss of Use when a covered loss renders the residence premises unfit to live in. Specifically, the "Additional Living Expense" coverage provides for the "necessary increase in living expenses incurred…so that your household can maintain its normal standard of living".

7. Additional Living Expenses covered include: reimbursement of rent for a temporary residence, during repairs to the residence premises; moving and storage costs; increased grocery or meals in restaurants when a kitchen is not available; and increased transportation costs when an insured must travel greater distances to work, school or other locations.

8. In an effort to limit its financial responsibility to its insureds under its "Additional Living Expenses" coverage to homeowners compelled to relocate due to a covered loss, NATIONWIDE has engaged in and continues to engage in an unlawful and unfair business practice whereby NATIONWIDE arbitrarily limits the rate at which it reimburses its insureds who incur increased transportation costs resulting from increased mileage required for work, school, and other necessary travel. The reimbursement rate paid by NATIONWIDE is less than the industry practice, is less than the rate used and allowed by the United States Treasury in its IRS regulations, and does not fully compensate NATIONWIDE's insureds for the increased costs incurred as provided by the policy. NATIONWIDE's unfair and unlawful business practice shall be referred to herein as the "*relocation mileage reimbursement limitation.*"

9. Plaintiffs, individually and on behalf of all other similarly situated residents of the State of California (hereinafter, "Class Members"), bring this lawsuit to challenge NATIONWIDE's unfair and unlawful business practice.

10. Plaintiffs and the Class Members are individuals who are NATIONWIDE homeowner insurance policy holders and who were subjected to the *relocation mileage reimbursement limitation* at any time during the four-year

period of time predating the filing of this lawsuit ("Class Period").

11.  Plaintiffs bring this action against NATIONWIDE to enjoin NATIONWIDE from engaging in the unfair competition alleged in this complaint, to require NATIONWIDE to restore all monies that NATIONWIDE has wrongfully obtained through its unfair competition, for compensatory damages attributable to the breach of the terms of its contracts with Plaintiffs and the Class Members and the breach of the covenant of good faith and fair dealing implied in NATIONWIDE's contracts with Plaintiffs and the Class Members, for compensatory and punitive damages attributable to NATIONWIDE's breach of the special duty that it owes to Plaintiffs and the Class Members, and for such other relief as allowed by law.

## THE PARTIES

12.  Plaintiff Amy Fishell is an individual who, at all times relevant to the claims alleged in this action, resided in the town of Paradise, California at 1846 Bille Road, Paradise, Ca 95969-3636. Plaintiff is a NATIONWIDE homeowner insurance policyholder and was subjected to the *relocation mileage reimbursement limitation* during the Class Period.

13.  Plaintiff Justin Fishell is an individual who, at all times relevant to the claims alleged in this action, resided in the town of Paradise, California. Plaintiff is a NATIONWIDE homeowner insurance policyholder and was subjected to the *relocation mileage reimbursement limitation* during the Class Period.

14.  NATIONWIDE is an Ohio corporation with its principal place of business located in Columbus, Ohio. NATIONWIDE conducts business throughout the United States, including the State of California where it is authorized to do and is doing business.

**FACTUAL ALLEGATIONS RELATING TO NATIONWIDE'S CONDUCT**

15.  NATIONWIDE, as it describes itself on its website, is one of the largest and most diversified insurance and financial services companies in the

United States. Its website provides the following information:

> "Nationwide—one of the largest and most diversified insurance and financial services companies in the United States—reported 2021 earnings results today that were the strongest in the Fortune 100 company's history. These results were achieved all while paying more than $18 billion in claims and benefits payments to its members in a year marked by catastrophic storms, wildfires and continued economic disruption from the ongoing pandemic."

16. NATIONWIDE's slogan, perpetuated by slick commercials that are broadcast "nationwide", is that "NATIONWIDE is on your side."

17. Also, on its website, NATIONWIDE represents (in part) that: "Caring for your home and loved ones is crucial. That's why we offer homeowners insurance you can depend on. From dwelling coverage to personal property protection, we provide homeowners insurance policies to suit your needs and budget. Homeowners' policies cover:

- Loss of use – Coverage for when an insured has to move out of the home while repairs are made as a result of damage caused by a covered loss."

18. This coverage in the industry for loss of use includes: "additional living expenses" paid to homeowners compelled to relocate due to loss of fitness of their residence premises, as a result of a covered loss.

19. The coverage for "additional living expenses" includes reimbursement for increases in necessary travel resulting from the compelled relocation from the residence premises whose habitability has been impaired as the result of a covered occurrence. These payments are referred to as "relocation mileage expenses."

20. Industry practice for insurers reimbursing their policyholders for costs incurred for increased mileage under the "additional living expenses" coverage is based upon the annually published Internal Revenue Service (IRS) "Standard Mileage Rates" for business use.

21. However, deviating from industry practice, NATIONWIDE limits the rate at which it pays for increased mileage to which an insured is entitled by instead using the IRS Standard Mileage Rate for medical and moving purposes.

22. An independent contractor conducts an annual study for the IRS of the fixed and variable costs of operating an automobile to determine the standard mileage rates for business, medical, and moving use. The standard mileage rate for business use is based on the fixed and variable costs of operating an automobile. The rate for medical and moving purposes is based on the variable costs, only.

23. The IRS Standard Mileage Rate for business use is approximately three times higher than the IRS Standard Mileage Rate for medical and moving use, resulting in a substantial savings for NATIONWIDE.

24. NATIONWIDE's use of the lower medical and moving use rate fails to compensate its policyholders for the fixed costs associated with operating an automobile and thus fails to fully indemnify them for their losses under the terms of their policies.

25. Nowhere in its policies does NATIONWIDE disclose to its insureds that they will be reimbursed for increased mileage under the "additional living expenses" coverage at the medical and moving use rate published by the IRS rather than the standard mileage rates published by the IRS for business use.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS**

26. Plaintiffs Amy and Justin Fishell were reimbursed for additional mileage resulting from displacement as the result of the Paradise Camp Fire at the IRS moving/medical rate rather than the business mileage rate. The circumstances surrounding their mileage reimbursement are as follows:

In 2018, they drove an additional 3459.2 miles and were reimbursed at the improper moving rate;

- In 2019, they drove an additional 25,346.80 miles and were reimbursed at the improper moving rate;
- In 2020, they drove an additional 10,887.9 miles and were reimbursed at the improper moving rate;
- In 2021, they drove an additional 16,612.8 miles and were reimbursed at the improper moving rate; and
- From January 1, 2022 until September 2, 2022, they drove an additional 16,040 miles and were reimbursed at the improper moving rate.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on their own behalf and on behalf of the Class, as defined herein, pursuant to Rule 23 of the *Federal Rules of Civil Procedure*.

28. Plaintiffs seek to represent a class (the "Class") defined as follows: All individuals who are residents of the State of California who were/are NATIONWIDE homeowner insurance policyholders and who were subjected to the *relocation mileage reimbursement limitation* during the four-year period of time predating the filing of this Complaint.

29. Excluded from the Class are: (a) the officers, directors, and legal representatives of NATIONWIDE; and (b) the judge and the court personnel in this case as well as any members of their immediate families. Plaintiffs reserve the right to amend the definition of the Class if discovery, further investigation and/or rulings by the Court dictate that it should be modified.

30. *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, given the number of NATIONWIDE homeowner insurance customers in California, it stands to reason

that the number of Class Members is at least in the thousands. The Class Members are readily identifiable from information and records in NATIONWIDE's possession, custody, or control, such as policy information.

31.   *Commonality and Predominance*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to Plaintiffs and all Class Members, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

   a. Whether the *relocation mileage reimbursement limitation* that Plaintiffs and the Class Members were subjected to by NATIONWIDE constitutes an unfair and/or unlawful business practice in violation of *California Business and Professions Code* § 17200;

   b. Whether, by subjecting Plaintiffs and the Class Members to the *relocation mileage reimbursement limitation,* NATIONWIDE breached the terms of its insurance contracts with Plaintiffs and the Class Members;

   c. Whether, by subjecting Plaintiffs and the Class Members to the *relocation mileage reimbursement limitation,* NATIONWIDE breached the special duty that NATIONWIDE owes to Plaintiffs and the Class Members as insureds of NATIONWIDE;

   d. Whether, by subjecting Plaintiffs and the Class Members to the *relocation mileage reimbursement limitation,* NATIONWIDE breached the covenant of good faith and fair dealing implied by law in the insurance contracts of Plaintiffs and the Class Members;

   e. Whether NATIONWIDE should be enjoined from continuing to subject its insureds to the *relocation mileage reimbursement limitation*;

   f. Whether Plaintiffs and the Class Members are entitled to a declaratory judgement under the Declaratory Judgment Act with respect to

NATIONWIDE's *relocation mileage reimbursement limitation* practice; and

g. Whether Plaintiffs and the Class Members are entitled to compensatory damages, punitive damages, and/or any other form of monetary relief.

32. *Typicality*. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of those of all other Class Members because Plaintiffs and each of the other Class Members are NATIONWIDE home insurance policyholders who were subjected to the *relocation mileage reimbursement limitation* during the Class Period.

33. *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs have retained competent counsel experienced in litigation of class actions, including consumer class actions, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs and the Class Members have a unified and non-conflicting interest in pursuing the same claims and obtaining the same relief. Therefore, all Class Members will be fairly and adequately represented by Plaintiffs and their counsel.

34. *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the claims alleged in this Complaint. The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action, and the disposition of the claims of Plaintiffs and the Class Members in a single action will provide substantial benefits to all parties and to the Court. Damages for any individual Class Member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, NATIONWIDE's violations of law inflicting substantial damages on Plaintiffs and the Class Members in the aggregate would go un-remedied.

35. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because NATIONWIDE has acted or refused to act on grounds generally applicable to the Class Members, such that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## FIRST CLAIM FOR RELIEF

(Violation of *California Business and Professions Code* §17200 et. seq.)

36. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, of this Complaint as if set forth fully herein.

37. By its actions and conduct as alleged herein, NATIONWIDE has committed one or more acts of unfair competition within the meaning of *California Business and Professions Code* §17200 ("UCL") that constitute unfair and/or unlawful business practices as those terms are defined under California law.

38. NATIONWIDE's business practices are unfair under the UCL because NATIONWIDE has acted in a manner that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiffs and the Class Members.

39. NATIONWIDE's business practices are unlawful under the UCL because NATIONWIDE has violated, *inter alia*, *California Insurance Code* § 1861.03(a), because NATIONWIDE has breached the special duty that NATIONWIDE owes to Plaintiffs and the Class Members as its insureds, and because NATIONWIDE has breached the covenant of good faith and fair dealing implied by law in the insurance contracts of Plaintiffs and the Class Members.

40. NATIONWIDE's ongoing unfair and unlawful business practices have placed Plaintiffs and Class Members at an imminent, immediate, and continuing risk of harm from unauthorized activity.

41. Plaintiffs have suffered monetary injury in fact as a direct and proximate result of the acts of unfair competition committed by NATIONWIDE as alleged herein in an amount to be proven at trial but in excess of the minimum

jurisdictional requirement of this Court.

## SECOND CLAIM FOR RELIEF

(Breach of Contract)

42. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, of this Complaint as if set forth fully herein.

43. Plaintiffs and the Class Members, on the one hand, and NATIONWIDE, on the other hand, entered into contracts in the form of insurance policies.

44. The terms of the insurance policies are substantially identical with respect to NATIONWIDE's obligation to provide Plaintiffs and the Class Members with "Additional Living Expense" coverage for the "necessary increase in living expenses incurred" by Plaintiffs and the Class Members in connection with a claim that is covered under the insurance policies.

45. The "Additional Living Expense" coverage under the insurance policies includes reimbursement for increases in necessary travel resulting from the compelled relocation from the residence premises whose habitability has been impaired as the result of a covered occurrence.

46. Plaintiffs and the Class Members have performed all obligations that were required of them under the terms of their insurance policies with the exception of those obligations, if any, which they were excused or prevented from performing.

47. NATIONWIDE breached the terms of its insurance policies with Plaintiffs and the Class Members by subjecting them to the *relocation mileage reimbursement limitation* and thereby failing to fully compensate Plaintiffs and the Class Members for their covered losses under their insurance policies.

48. As a direct and proximate result of NATIONWIDE's breach of its insurance policies with Plaintiffs and the Class Members, Plaintiffs and the Class Members have been damaged in an amount to be proven at trial but in excess of the

minimum jurisdictional requirement of this Court.

### THIRD CLAIM FOR RELIEF

(Breach of Special Duty to Insured)

49. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, of this Complaint as if set forth fully herein.

50. California law recognizes that an insurer owes a special duty to its insureds that arises from the unequal bargaining power between the insurer and the insured. The relationship of insurer and insured is inherently unbalanced; the adhesive nature of insurance contracts places the insurer in a superior bargaining position. This inequality of bargaining power necessitates that the insured depend on the good faith and performance of the insurer.

51. The insurer's obligations to its insureds are rooted in its status as a purveyor of a vital service labeled quasi-public in nature. Suppliers of services affected with a public interest must take the public's interest seriously, where necessary placing it before their interest in maximizing gains and limiting disbursements. As a supplier of a public service rather than a manufactured product, the obligations of an insurer such as NATIONWIDE go beyond meeting reasonable expectations of coverage.

52. Because NATIONWIDE is in a legally recognized special relationship with Plaintiffs and the Class Members, NATIONWIDE has duties to Plaintiffs and the Class Members that clearly encompass forthright and affirmative disclosure of all material information to Plaintiffs and the Class Members including the forthright and affirmative disclosure to Plaintiffs and the Class Members of NATIONWIDE's *relocation mileage reimbursement limitation*.

53. NATIONWIDE breached the special duty that it owes to Plaintiffs and the Class Members as its insureds by implementing and applying the *relocation mileage reimbursement limitation* and/or by doing so: (a) without providing

12

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

adequate notice to Plaintiffs and the Class Members of the *relocation mileage reimbursement limitation*; and (b) without notifying Plaintiffs and the Class Members of their right to contest the *relocation mileage reimbursement limitation* pursuant to 10 CCR § 2695.7 and *California Insurance Code* § 790.034.

54. As a direct and proximate result of NATIONWIDE's breach of the special duty that it owes to Plaintiffs and the Class Members as its insureds, Plaintiffs and the Class Members have been damaged in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

55. In breaching the special duty that it owes to Plaintiffs and the Class Members as its insureds, NATIONWIDE has acted in a willful, wanton and malicious manner toward Plaintiffs and the Class Members, in callous, conscious and intentional disregard of the rights of Plaintiffs and the Class Members as its insureds, and with the intent to cause damage to Plaintiffs and the Class Members, thereby entitling Plaintiffs and the Class Members to an award of punitive and exemplary damages against NATIONWIDE, pursuant to *California Civil Code* § 3294, in an amount according to proof at trial.

## FOURTH CLAIM FOR RELIEF

(Breach of Covenant of Good Faith and Fair Dealing)

56. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, of this Complaint as if set forth fully herein.

57. California law implies a covenant of good faith and fair dealing in every contract. This implied covenant requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits to which the party is entitled under the contract.

58. In the case of a contract between an insurer (such as NATIONWIDE) and its insureds (such as Plaintiffs and the Class Members), in order to fulfill its implied obligation, an insurer must give at least as much consideration to the

interests of the insureds as it gives to its own interests.

59. A breach of the covenant of good faith and fair dealing by the insurer rises to the level of tortious conduct on the part of the insurer.

60. Plaintiffs and the Class Members contracted with NATIONWIDE, became insurance policyholders of NATIONWIDE, and thereby became insureds of NATIONWIDE.

61. Plaintiffs and Class Members performed all of their duties and obligations under their insurance policies with NATIONWIDE.

62. All of the conditions required for NATIONWIDE's performance under the insurance policies have occurred and/or been satisfied.

63. NATIONWIDE tortiously breached the covenant of good faith and fair dealing implied in its contracts with Plaintiffs and the Class Members by implementing and applying the *relocation mileage reimbursement limitation* and/or by doing so: (a) without providing adequate notice to Plaintiffs and the Class Members of the *relocation mileage reimbursement limitation*; and (b) without notifying Plaintiffs and the Class Members of their right to contest the *relocation mileage reimbursement limitation* pursuant to 10 CCR § 2695.7 and *California Insurance Code § 790.034.*

64. As a direct and proximate result of NATIONWIDE's breach of the covenant of good faith and fair dealing implied in its insurance policies with Plaintiffs and the Class Members, Plaintiffs and the Class Members have been damaged in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

65. In breaching the covenant of good faith and fair dealing implied in its insurance policies with Plaintiffs and the Class Members, NATIONWIDE has acted in a willful, wanton and malicious manner toward Plaintiffs and the Class Members, in callous, conscious and intentional disregard of the rights of Plaintiffs and the Class Members, and with the intent to cause damage to Plaintiffs and the Class

Members, thereby entitling Plaintiffs and the Class Members to an award of punitive and exemplary damages against NATIONWIDE, pursuant to *California Civil Code* § 3294, in an amount according to proof at trial.

## FIFTH CLAIM FOR RELIEF

(Declaratory Relief)

66. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, of this Complaint as if set forth fully herein.

67. Plaintiffs bring this claim for declaratory relief on behalf of themselves and the Class Members pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

68. An actual controversy has arisen and now exists between Plaintiffs and the Class Members, on the one hand, and NATIONWIDE, on the other hand.

69. Plaintiffs and the Class Members contend that NATIONWIDE is engaging in an unfair and/or unlawful practice by implementing and applying the *relocation mileage reimbursement limitation* and/or by doing so: (a) without providing adequate notice to Plaintiffs and the Class Members of the *relocation mileage reimbursement limitation*; and (b) without notifying Plaintiffs and the Class Members of their right to contest the *relocation mileage reimbursement limitation* pursuant to 10 CCR § 2695.7 and *California Insurance Code* § 790.034.

70. NATIONWIDE denies that it is engaging in such a practice and/or contends that, to the extent that it engages in such a practice, its practice of doing so is fair and lawful.

71. A judicial declaration is necessary and appropriate at this time under the circumstances presented in order that the parties may ascertain their respective rights, duties and obligations with respect to whether the *relocation mileage reimbursement limitation* is lawful and permissible.

72. There is no adequate remedy other than a prompt declaratory judgment

by which the rights of the parties may be determined. Because this issue affects thousands of California residents, prompt resolution of this controversy is in the interest of the public, as well as the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for relief as follows:

### On The First Claim For Relief

For affirmative injunctive relief enjoining NATIONWIDE from continuing to apply its *relocation mileage reimbursement limitation* practice;

For an order requiring NATIONWIDE to disgorge and restore to Plaintiff and the Class Members all monies unlawfully retained by NATIONWIDE attributable to the *relocation mileage reimbursement limitation*; and

For an award of attorneys' fees as private attorneys general pursuant to *California Code of Civil Procedure* §1021.5 as authorized by *Walker v. Countrywide Home Loans, Inc*. (2002) 98 Cal.App.4th 1158, 1179.

### On The Second Claim For Relief

For compensatory damages in an amount according to proof at trial.

### On The Third And Fourth Claims For Relief

For compensatory damages in an amount according to proof at trial; and

For punitive and exemplary damages in an amount according to proof at trial.

### On The Fifth Claim For Relief

For a declaration that NATIONWIDE is engaging in an unfair and/or unlawful practice by implementing and applying the *relocation mileage reimbursement limitation* and/or by doing so: (a) without providing adequate notice to Plaintiffs and the Class Members of the *relocation mileage reimbursement limitation*; and (b) without notifying Plaintiffs and the Class Members of their right to contest the *relocation mileage reimbursement limitation* pursuant to 10 CCR § 2695.7 and *California Insurance Code* § 790.034.

## On All Claims For Relief

For costs of suit, litigation expenses, and attorneys' fees pursuant to the common fund doctrine and/or the substantial benefit doctrine; and

For such other and further relief as this Court may deem just and proper.

Dated: January 6, 2022                **RIMON PC**

By _____/s/_____
          J. Paul Gignac
          *Attorney for Plaintiffs*

Date: January 6, 2023                **CENTURY LAW GROUP, LLP**

By_____/s/_____

Edward O. Lear

*Attorneys for Plaintiffs*

17
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class, hereby demand a trial by jury on all claims for relief so triable.

Dated: January 6, 2023  **RIMON PC**

By _____/s/_____
J. Paul Gignac
*Attorney for Plaintiffs*

Date: January 6, 2023  **CENTURY LAW GROUP, LLP**

By_____/s/_____

Edward O. Lear
*Attorneys for Plaintiffs*