UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY FISHELL and JUSTIN FISHELL, | No. 2:23-cv-00027-DJC-DB |
| Plaintiffs, | |
| v. | **ORDER** |
| NATIONWIDE MUTUAL INS. CO. and AMCO INS. CO., | |
| Defendants. | |

As recounted in the Court's Order granting a motion to dismiss the First Amended Complaint in this case (ECF No. 26), Plaintiffs Amy and Justin Fishell ("Plaintiffs") were unfortunate victims of the Paradise, California Camp Fire in 2018. Plaintiffs had to relocate after their home was destroyed by the fire and incurred additional expenses resulting from additional travel for which they claim reimbursement by their insurance provider, Defendant AMCO Insurance Company, a subsidiary of Defendant Nationwide Mutual Insurance Company ("Defendants"). Plaintiffs claim they were reimbursed improperly under the Internal Revenue Service ("IRS") standard mileage rate for medical and moving expenses, which they allege constitutes a breach of the covenant of good faith and fair dealing, and a violation of the California Unfair Competition Law ("UCL"). They also seek declaratory relief.

////

Plaintiffs seek to bring claims on their own behalf and on behalf of a not yet certified class of similarly situated individuals.

Defendants now move the Court to dismiss Plaintiffs' Second Amended Complaint ("SAC") (ECF No. 28), arguing that Nationwide is not a proper defendant, that the claims are time barred, and that Plaintiffs have failed to allege plausible claims. Because Plaintiffs have failed to establish that their claims are timely, the claims must be dismissed as time-barred. Accordingly, the Motion to Dismiss ("Mot. or the Motion") (ECF No. 32) is GRANTED.

## I.  Procedural History

Plaintiffs filed their initial Complaint on January 6, 2023. (Compl. (ECF No 1).) Plaintiffs subsequently amended their Complaint to name AMCO Insurance Company as a Defendant. (First Am. Compl. (ECF No. 14).) The First Amended Complaint was dismissed for being time-barred and for failure to state claims. (Order (ECF No. 26) at 7–8.) Plaintiffs were granted leave to amend their Complaint to allege facts which would support tolling, or to allege claims that are not time-barred. (*Id.*) Plaintiffs thereafter filed the operative Second Amended Complaint. (SAC.)

Defendants filed a Motion to Dismiss the Second Amended Complaint on September 13, 2023. (Mot.) Plaintiffs opposed the motion, (Opp'n (ECF No. 33)), and Defendants have filed a reply (Reply (ECF No. 34)). The Court heard oral argument on the Motion on October 26, 2023, with J. Paul Gignac and Claire Mitchell appearing for Plaintiffs, and Mark Hanover appearing for Defendants.

## II.  Legal Standard for Motion to Dismiss

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The Court assumes all factual allegations are true and construes "them in the light

most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

### III. Discussion

Defendants argue that Plaintiffs have exceeded the time limit to bring suit under the contract, which is one year from the date of loss, and that the claims are therefore time-barred. Plaintiffs counter that the claims are not "on the policy" and therefore not subject to this one-year contractual limitation. They further allege that application of the one-year contractual limitation period would be inequitable and unfair because many of the contested payments were made over one year from the date of loss.

**A. Applicability of the Contractual Limitations Period**

Ordinarily, a contractual limitation on the time to bring suit would be controlling. *See Gaylord v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 2d 1101, 1113 (E.D. Cal. 2011) ("[A] covenant shortening the period of limitations is a valid provision of an insurance contract."); *Jang v. State Farm Fire & Cas. Co.*, 80 Cal. App. 4th 1291, 1296 (2000), *as modified* (June 8, 2000) ("The one-year statutory limitations period on insurance actions has 'long been recognized as valid in California.'" (internal quotation

omitted) (quoting *Prudential–LMI Com. Insurance v. Superior Court* 51 Cal.3d 674, 682 (1990))). However, when the claims are not on the policy, they are not subject to the contractual limitation period, and are instead controlled by the statutory limitation period. *Id.* at 1296.

"The phrase 'on the policy' is broadly construed to include those claims that are generally 'grounded in a failure to pay benefits that are due under the policy.'" *Brafman v. Nationwide Mut. Ins. Co.*, No. 2:11-CV-01627-MCE, 2011 WL 5299280, at *3 (E.D. Cal. Nov. 2, 2011) (quoting *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1093 (9th Cir. 2003)). Whether a claim is on the policy is determined by the nature of the damages sought, not by the legal basis for the claim. A plaintiff cannot bypass the contractual limitations period by construing their claims as based in tort or "bad faith" conduct rather than contractual terms. *Abari v. State Farm Fire & Cas. Co.*, 205 Cal. App. 3d 530, 536 (1988); *Velasquez v. Truck Ins. Exch.*, 1 Cal. App. 4th 712, 722 (1991). "Regardless of whether the insured elects to file a complaint alleging solely tort claims . . . an action seeking damages recoverable under the policy for a risk insured under the policy is merely a 'transparent attempt to recover on the policy.'" *Jang*, 80 Cal. App. 4th at 1301, *as modified* (June 8, 2000) (quoting *Abari*, 205 Cal. App. 3d at 536). A claim is considered off the policy if it has "nothing to do with the initial claim under the policy." *Velasquez*, 1 Cal. App. 4th at 720.

*Murphy v. Allstate* provides an example of a claim that is off the policy. 83 Cal. App. 3d 38, 46 (1978). The case "sets forth a narrow exemption for actions in which the insured seeks damages that are not recoverable under the policy, stemming from conduct by the insurer which results in the uncovered damages." *Jang*, 80 Cal. App. 4th at 1302. In *Murphy*, the plaintiff sued for damage to their home which resulted from the "untimely, unworkmanlike and unsatisfactory restoration and repair work" by the contractors hired by the insurance company, and for damages resulting from an interpleader action instituted by the insurance company. *Murphy*, 83 Cal. App. 3d at 49. In holding that the claims were not on the policy, the court emphasized that the

4

"the damages claimed were not caused by any risk insured against under the policy and were not recoverable under the policy." *Id.* at 49.

Plaintiffs assert two distinct bases for their causes of action, which the court will assess separately. First, Plaintiffs claim that Defendant failed to satisfactorily reimburse them for the additional car insurance premium and depreciation expenses they incurred as a result of the loss. (SAC ¶¶ 63, 72.) These additional expenses are a direct result of their displacement due to the loss of use of their home, which is a risk insured against under the policy. (*Id.* ¶¶ 18, 21, 37.) Such increased costs are clearly recoverable under the policy which reimburses for "any necessary increase in living expenses incurred" as a result of a loss under the policy. (*Id.* ¶¶ 4–5, 18–19.) Further, "[t]he fact that an insured seeks damages in addition to those covered by the policy will not render the cause of action 'off the policy,'" meaning that Plaintiffs' claims for attorneys' fees and exemplary and punitive damages does not change this analysis. *Campanelli*, 322 F.3d at 1096 (citing *Velasquez*, 1 Cal. App. 4th at 722).

Plaintiff attempts to argue under *Frazier v. Metro Life Ins. Co.*, that any claim which "arose after the insurer paid on the policy but not to the satisfaction of the beneficiary of the policy" is a claim not on the policy. *See Lawrence v. W. Mut. Ins. Co.*, 204 Cal. App. 3d 565, 575 (1988) (summarizing *Frazier v. Metro. Life Ins. Co.*, 169 Cal. App. 3d 90, 103–04 (1985)). However, the plaintiff in *Frazier* was not claiming that the payments themselves were unsatisfactory or made in bad faith. Rather, in *Frazier*, the insurance company had paid benefits for the death of the plaintiff's husband, but continued to investigate whether the death was an accident, which would have entitled the plaintiff to double indemnity payments. *Frazier*, 169 Cal. App. 3d at 95–97. It was not until the insurance company's investigation concluded and it denied the double indemnity payments that the plaintiff's cause of action arose. *Id.* at 103–04. Starting the clock at the time of denial, the court found the action was brought within the contractual limitation period. *Id.*

Later California Appellate Courts, including the same court which had decided *Frazier*, have clarified that *Frazier* presents a tolling doctrine, wherein the limitations period on a bad faith claim does not begin to run until an "ultimate act of bad faith" occurs, not necessarily an example of a claim off the policy. See *Jang*, 80 Cal. App. 4th 1301–02 (summarizing cases and finding that *Frazier* only has continuing viability as it pertains to equitable tolling); *see also Lawrence*, 204 Cal. App. 3d at 575 (noting that it was the "subsequent event [which] occurred after the initial policy coverage was triggered which was the basis for the cause of action"); *Velasquez*, 1 Cal. App. 4th at 720 ("[I[t was not until the insurer denied her double indemnity claim that the beneficiary could ascertain whether she had a cause of action for bad faith. Thus, the action did not accrue until such denial." (internal citations omitted)); *Prieto v. State Farm Fire & Cas. Co.*, 225 Cal. App. 3d 1188, 1194–95, (1990), *reh'g denied and opinion modified* (Dec. 28, 1990).

Moreover, other courts have found that claims which allege dissatisfaction with the amount paid out on a policy are claims under the policy. In *Banga v. Americprise Auto & Home Insurance Company* the plaintiff brought claims asserting that the amount paid by the insurer based on its adjuster's estimate was insufficient to cover the repairs. No. 2:18-CV-01072-MCE-AC, 2021 WL 5303914, at *1–*2 (E.D. Cal. Nov. 15, 2021), *report and recommendation adopted*, No. 2:18-CV-01072-MCE-AC, 2022 WL 525646 (E.D. Cal. Feb. 22, 2022). The plaintiff in *Banga* also asserted that the insurance company had engaged in an unfair business practice and bad faith conduct when estimating the amount of the loss incurred. *Id.* at *5. The court nevertheless found that the claims were on the policy because the damages were grounded in a failure to pay benefits that were due under the policy. *Id.* at *6–*7. Similarly, in *Jang*, the plaintiff brought a cross complaint alleging that the amount paid to the property owners was less than they were entitled to. *Jang*, 80 Cal. App. 4th at 1293–95, 1301–02. The *Jang* court also held that the claim was on the policy because it was based on "the failure to receive benefits the plaintiff believes are owing under the policy." *Id.* at

1304. Accordingly, Plaintiffs' claims that they were insufficiently reimbursed are fundamentally claims for benefits which are recoverable under the policy, meaning they are subject to the one-year contractual limitations period.  As the date of loss was on November 8, 2018, this suit filed on January 6, 2023 is untimely for the claims as they relate to unsatisfactory reimbursement.

The second basis for Plaintiffs' causes of action is that Defendants failed to disclose what the reimbursement rate would be, and that they used a non-industry standard rate.  As Plaintiffs argued during the hearing, this cause of action does not necessarily arise from the policy because the duty to disclose the rate arose before the contract was formed and is independent of whether Plaintiffs suffered a loss on the policy.  But even if the Court were to accept this theory, the claims would still be time barred under the respective statutory limitation periods.

The statutes of limitation on these claims begins to run when "the injured party discovers or should have discovered the facts supporting liability." *Davies v. Krasna*, 14 Cal. 3d 502, 512 (1975); *see also Gutierrez v. Mofid*, 39 Cal. 3d 892, 897 (1985) (applying to breach of covenant of good faith and fair dealing claims "the uniform California rule [] that a limitations period . . . begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim."); *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1195–96 (2013) (applying the same to UCL claims which allege a deceptive practice).  Plaintiffs knew or should have known that Defendant failed to disclose the rate – and suffered appreciable harm as a result of that failure to disclose – when they received the first check which was calculated using the non-standard mileage rate.  The additional checks Plaintiffs received thereafter do not provide any additional *facts* essential to show that Defendant failed to disclose the non-standard mileage rate.  This is not a case where a "wrongful course of conduct became apparent only through the accumulation of a series of harms." *Aryeh*, 55 Cal. 4th 1198 (comparing a harassment claim where the component acts may not be individually actionable until, taken together, they establish a pattern of harassment,

7

with a claim where the defendant commits a discrete fraudulent act); *see Gutierrez*, 39 Cal. at 898 ("It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action.")  Instead, the additional checks instead only serve as proof of additional damages.[1]

After receipt of this first check, Plaintiffs would have had two years to bring the breach of the covenant of good faith and fair dealing claims, *see Hovsepyan v. GEICO Gen. Ins. Co.*, 616 F. Supp. 3d 1057, 1068 (E.D. Cal. 2022) (citing *Archdale v. Am. Internat. Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 467 n. 19 (2007)), and four years to bring the UCL claims, Cal. Bus. & Prof. Code § 17208.  As the check was issued in 2018, Plaintiff's suit filed on January 6, 2023 is untimely for both claims.

Because these underlying claims are untimely, Plaintiffs also cannot maintain the cause of action for declaratory relief.  *Maguire v. Hibernia Sav. & Loan Soc.*, 23 Cal. 2d 719, 734 (1944) ("[T]he period of limitations applicable to ordinary actions at law and suits in equity should be applied in like manner to actions for declaratory relief.  Thus, if declaratory relief is sought with reference to an obligation which . . . is barred by the statute, the right to declaratory relief is likewise barred.").

**B.  Equitable Tolling**

Plaintiffs argue that it would be unfair and inequitable to enforce the one-year contractual limitation period against Plaintiff's unsatisfactory reimbursement claims because the limitation period would have expired before they received most of the payments.  (Opp'n at 10.)[2]  However, even if the Court tolled these claims to the date Plaintiffs received their final check, the suit is still untimely.

---

[1] The statute of limitations does not pause while a Plaintiff continues to accrue additional damages after having experienced the initial appreciable legal harm.  "To delay the running of the period of limitation until defendant's acts furnished plaintiff with a more certain proof of damages would contravene the principle that victims of legal wrong should make reasonable efforts to avoid incurring further damage." *Davies*, 14 Cal. 3d at 515.

[2] Plaintiffs have not presented any equitable tolling argument with respect to their claims that Defendants failed to disclose what the reimbursement rate would be and that they used a non-industry standard rate, and the Court fails to see how any such argument would be applicable.

8

In *Frazier* the California Supreme Court stated that a contractual limitations period for unsatisfactory reimbursement claims does not begin to run until the defendant "ha[s] committed an ultimate act of bad faith." *Frazier*, 169 Cal. App. 3d at 103–04. It is arguable that the first inadequate check Plaintiff received which was allegedly calculated in bad faith is an ultimate act of bad faith which would have started the clock. But even if the Court were to find that Plaintiffs' claims should have been tolled until the *final* check was received, the claims would still be untimely. Plaintiffs' last check was issued on December 8, 2021, and Plaintiffs did not initiate this suit until over one year later on January 6, 2023. Therefore, even if Plaintiffs' claims were equitably tolled to the latest date a cause of action could accrue, they are still time-barred.

Because Plaintiffs' claims are untimely, Plaintiffs cannot state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss the Second Amended Complaint is GRANTED.

### C. Leave to Amend

Plaintiffs have already been given the opportunity to amend their Complaint to "provide the necessary information to establish tolling or to sufficiently allege a timely claim," and have failed to do so – opting instead to bring forward a legal argument that the contractual limitations period does not apply. At oral argument, counsel for Plaintiffs conceded that Plaintiffs cannot provide any additional facts to establish that their claims are timely. The Court will therefore not grant leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (denial of leave to amend appropriate where amendment would be futile because the plaintiff had no additional facts to plead).

////

////

////

////

### IV. Conclusion

For the above reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, ECF No. 32, is GRANTED, and Plaintiff's Second Amended Complaint, ECF No. 28, is dismissed with prejudice.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 31, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 23cv00027.mtd